Filed 6/11/15

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>DANNY VOVANN NAMPHONH,<br><br>        Defendant and Appellant. | C075331<br><br>(Super. Ct. No. SF123192A) |

APPEAL from a judgment of the Superior Court of San Joaquin County, Lauren P. Thomasson, Judge.  Affirmed.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Raymond L. Brosterhous II, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found defendant Danny Vovann Namphonh guilty of continuous sexual abuse of a child under the age of 14, his half sister.  (Pen. Code, § 288.5, subd. (a).)[1]  The 23-year-old defendant was sentenced to serve 12 years in prison, and is subject to a 20-

---

[1]    Undesignated statutory references are to the Penal Code.

year six-month parole period following his incarceration. The trial court also ordered defendant to pay a restitution fine of $280, an administrative surcharge of $28, a parole revocation fine of $280 (suspended), a conviction assessment of $30, a court security fee of $40, a sex offender registration fine of $300, a booking fee of $196, and victim restitution in an undetermined amount. In addition, defendant was ordered to reimburse the Stockton Police Department for the victim's medical examination in the amount of $1,850.

Defendant raises only one contention on appeal: that the trial court abused its discretion in ordering him to pay for the victim's medical examination pursuant to section 1203.1h, subdivision (b), because there is no evidence he is able to pay. We conclude the trial court properly exercised its discretion in determining defendant's ability to pay under section 1203.1h, subdivision (b). We affirm the judgment.

DISCUSSION

Section 1203.1h, subdivision (b), provides in relevant part: "In addition to any other costs which a court is authorized to require a defendant to pay, upon conviction of any offense involving sexual assault or attempted sexual assault, including child molestation, the court may require that the defendant pay, to the law enforcement agency, county, or local governmental agency incurring the cost, the cost of any medical examinations conducted on the victim for the collection and preservation of evidence. *If the court determines that the defendant has the ability to pay* all or part of the cost of the medical examination, the court may set the amount to be reimbursed and *order the defendant to pay* that sum to the law enforcement agency . . . *in the manner in which the court believes reasonable and compatible with the defendant's financial ability*. In making the determination of whether a defendant has the ability to pay, the court *shall take into account the amount of any fine imposed upon the defendant and any amount the defendant has been ordered to pay in restitution*." (Italics added.)

2

As noted by both defendant and the Attorney General, there are no published decisions addressing the trial court's discretion in determining a defendant's ability to pay under section 1203.1h. Defendant would interpret the statute to require a finding that a defendant has a *present* ability to pay the cost of the medical examination as is required for the repayment of legal fees of the public defender or other appointed counsel. (§ 987.8, subd. (b).) We reject this interpretation because, based on the language of section 1203.1h, subdivision (b), the trial court is not limited by defendant's present ability to pay.

Section 1203.1h, subdivision (b), gives the trial court discretion on whether to require a defendant to pay the cost of the victim's medical examination. If the trial court determines a defendant has the ability to pay all or part of the medical examination, then the court may order the amount "in the manner in which the court believes reasonable and compatible with the defendant's financial ability." In making the determination of whether a defendant has the ability to pay, the court "shall take into account" the amount of other fines imposed and any restitution defendant has been ordered to pay. Notably, there is no time frame specified in the statute that the trial court must use to determine a defendant's ability to pay.

Unlike the reimbursement of a victim's medical examination, the statutory scheme relating to repayment of legal fees specifically requires the court to determine whether the defendant has the "present ability . . . to pay" and defines "ability to pay" as including the defendant's "present financial position"; the defendant's "reasonably discernible future financial position," i.e., within the ensuing six months; the likelihood the defendant will be employed within six months; and other factors relating to the defendant's financial capability. (§ 987.8, subd. (g)(2).) Under this scheme, the court is precluded from finding a defendant has a "reasonably discernible future financial ability" to pay his or her legal fees if he or she is sentenced to prison in the absence of unusual circumstances. (§ 987.8, subd. (g)(2)(B).)

If the Legislature had intended the trial court to similarly limit the temporal scope of the trial court's inquiry in determining whether a defendant is able to reimburse the cost of a victim's medical examination as provided in section 1203.1h, it could have included comparable language. It did not. (See, e.g., §§ 186.11, subd. (h)(1)(B), 186.12, subd. (f)(1)(B), 670 [referring to section 1203.1b's definition of ability to pay, which includes same factors as stated in § 987.8, subd. (g)(2)(B), but contemplates a temporal scope of one year instead of six months].) Therefore, we conclude that for purposes of section 1203.1h, subdivision (b), the trial court is not limited to considering a defendant's present or immediate future financial situation in deciding his or her ability to pay.

Assuming the trial court is not required to consider the financial factors in section 987.8, subdivision (g), defendant argues the trial court abused its discretion by finding defendant has the ability to pay. We disagree with defendant that his lack of higher education, minimal work history, and lack of saleable assets render him unable to pay the cost of the medical examination. Nothing in the record indicates defendant, who will be in his early 30s when released, will be unable to gain employment either while in prison or upon his release.

In making the determination of whether defendant has the ability to pay, the trial court considered defendant's financial ability and the other fines and fees assessed against defendant, as required by section 1203.1h, and potential victim restitution.[2] Based on the statutory language and the record, we conclude the trial court properly exercised its discretion under section 1203.1h, subdivision (b), in determining defendant has the ability to pay $1,850 to reimburse the police department for the cost of the victim's medical examination.

---

[2] Section 1203.1h, subdivision (b), requires the trial court to take into account any amount the defendant has been ordered to pay in restitution. At this point, there is nothing in the record to indicate the victim has been or will be awarded any restitution.

DISPOSITION

The judgment is affirmed.

      HOCH     , J.

We concur:

    NICHOLSON   , Acting P. J.

     DUARTE    , J.

5